UNITED STATES BANKRUPTCY COURT
For the Northern District of Illinois
Eastern Division

| | | |
|---|---|---|
| In re:  SHEILA TOLBERT, | ) | In a Chapter 13 proceeding |
| | ) | |
| Debtor(s), | ) | Docket No.   13 B 32959 |
| | ) | |
| SHEILA TOLBERT, | ) | |
| | ) | |
| Plaintiff(s), | ) | Adversary No. 13 AP 01304 |
| v. | ) | |
| | ) | |
| HOUSEHOLD FINANCE CORPORATION III, | ) | Judge Jack B. Schmetterer |
| | ) | |
| Defendant(s). | ) | Trustee Tom Vaughn |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I. **FINDINGS OF FACT**

   A. **The Parties**

   1. The Plaintiff is Sheila Tolbert ("Plaintiff").

   2. The Defendant is Household Finance Corporation III. ("Defendant")

   B. **Factual Background**

1. On or about That August 19, 2013, Plaintiff filed a voluntary petition pursuant to Chapter 13 of Title 11, United States Code;

2. Plaintiff owns real estate commonly known as 18473 Bellagio Circle, Tinley Park IL 60477.

3. That U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2005-WF4 holds a first mortgage lien on the real property commonly known as 18473 Bellagio Circle, Tinley Park IL 60477, with a secured claim of $223,557.97 pursuant to the proof of claim filed on September 19, 2013 (Claim 3-1).

4. The Defendant holds a second mortgage lien on the real property known as 18473 Bellagio Circle, Tinley Park IL 60477 in the approximate amount of $25,880.67 pursuant to the proof of claim filed on September 11, 2013 (Claim 2).

5. In April of 2013, Plaintiff obtained a property valuation from the Cook County Assessor's office, which indicates the value of 18473 Bellagio Circle, Tinley Park IL 60477 to be $185,000.00.

6. The modified Chapter 13 Plan filed on November 18, 2013, provides that the Plaintiff will make monthly payments of $993.00 per month for 60 months.

7. That under the Chapter 13 Plan, general unsecured creditors will be paid 2.14% of their allowed claims.

8. On November 14, 2013, Plaintiff filed a complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 18473 Bellagio Circle, Tinley Park IL 60477.

9. That on November 14, 2013, a copy of the summons and complaint was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by Certified Mail, postage prepaid to the Kathryn Madison, President of Household Finance Corporation III, 961 Weigel Drive, Elmhurst, IL 60126., and also to the registered agent, CT Corporation System, agent for Household Finance Corporation III, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604. and also to HFC, 636 S. Grand Regency Boulevard, Brandon, FL 33510.

10. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

11. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

12. No evidence has been present to challenge the property value of $185,000.00.

13. The first secured claim of U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2005-WF4, in the amount of $223,557.97 exhausts the value and equity in Plaintiff's residence.

14. There is no value or equity to support the claim of the Defendant.

II. **CONCLUSIONS OF LAW**

    A. **Jurisdiction**

1. This contested Matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. Argument

1. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

2. The Debtor schedules the first secured claim of U.S. Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2005-WF4 in the amount of $223,557.97 and the second secured claim of Household Finance Corporation III in the amount of $25,880.67.

3. That the value of Plaintiff's residence is $185,000.00.

4. "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…" 11 U.S.C. § 506(d). If a debtor's chapter 13 case is dismissed then any lien voided under § 506(d) is reinstated. 11 U.S.C. § 349(b)(1)(c).

5. Although the Seventh Circuit has not yet considered the issue, the vast majority of circuits hold a wholly unsecured junior mortgage is subject to strip off pursuant to 11 U.S.C. § 506(d), notwithstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. §1322(b)(2) as implied by Nobelman v. American Savings Bank, 508 U.S. 344 (1993). See Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122 (2nd Cir. 2001); McDonald v. Master Fin., Inc. (In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); IN re Lane, 280 F.3d 662 (6th Cir. 2002); Zimmer v. PSB Lending Corp., 313 F.3d 1220 (9th Cir. 2002); and In re Tanner, 217 F.3d 1357, (11th Cir. 2000).

DATE: 4/18/14

ENTER: _____
JUDGE JACK B. SCHMETTERER

APR 28 2014

Law Offices of Matthew R. Wildermuth
1900 W. 75th Street,
Woodridge, IL 60517
(630) 967-0653 Phone
(630) 967-1468 Fax